NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-1866

———————————

UNITED STATES OF AMERICA

v.

VICTOR GATES,
                    Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-17-cr-00564-001)
District Judge: Honorable Wendy Beetlestone

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
January 23, 2020

Before: AMBRO, MATEY, and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 5, 2020)

———————————

OPINION*

———————————

AMBRO, <u>Circuit Judge</u>

A jury found Victor Gates guilty of honest services mail fraud conspiracy in

violation of 18 U.S.C. §§ 1341, 1346, and 1349 (Count 1), honest services mail fraud in

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

violation of §§ 1341 and 1346 (Counts 2 through 15), and making false statements within a federal jurisdiction in violation of 18 U.S.C. § 1001 (Counts 16 and 17). After his conviction, the District Court ordered Gates to forfeit the proceeds he received from the fraud in the amount of $653,319.10. He asserts several errors on appeal. We disagree with his arguments and affirm the District Court's judgment.[1]

The charges stem from a seven-year scheme in which Gates, a former Philadelphia police officer, used his friend, Detective Patrick Pelosi at the Philadelphia Police Department, to maintain Gates' lucrative auto recovery business. Gates contracted with rental agencies to recover cars that were stolen from them. All stolen cars are placed in the National Crime Information Center database and, once recovered, must be deleted from the database by an authorized official before the rental agencies can rent them out again. There is often a delay in removing the recovered cars from the database because, per Philadelphia Police Department policy, the detective in charge of the database must confirm formally that the cars were recovered. This requires that the detective physically identify the recovered car.

Detective Pelosi was that detective for southwest Philadelphia. Accordingly, Gates would pay Pelosi $300–$400 per month (about $25,000 total) to remove the cars he had recovered from the database whenever needed, even without validating their recovery. Gates used his ability to have cars removed expeditiously from the database as

---

[1] It exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction per 28 U.S.C. § 1291.

2

a selling point to rental agencies. The FBI eventually uncovered the scheme and an indictment followed.

A three-day trial resulted in a guilty verdict on all counts. The District Court then determined that the proceeds subject to forfeiture from the scheme were $653,319.10 and ordered Gates to forfeit that amount.

## I.    Ineffective Assistance of Counsel

Gates first raises an ineffective-assistance-of-counsel claim. He contends that his trial counsel was constitutionally ineffective for failing to give an opening statement and for not calling any character witnesses. We do not entertain ineffectiveness claims on direct appeal where the record is insufficient to allow determination of the issue. *See Massaro v. United States*, 538 U.S. 500, 505 (2003); *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003). The record is insufficient here—it contains no evidence regarding strategic decisions made by Gates's counsel or how any prejudice may have resulted. Gates can properly raise his claims in a petition for collateral relief under 28 U.S.C. § 2255, where he may seek an evidentiary hearing.

## II.    Insufficient Evidence

Gates next argues that the evidence at trial was insufficient to support a guilty verdict on all counts. The bar is very high to overturn a jury's verdict. Our review of evidence sufficiency is "highly deferential," and a "verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'" *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (en banc). As a principle of process, we

3

must not "usurp the role of the jury by weighing credibility and assigning weight to the evidence." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).

That evidence indicated Gates had specific knowledge that Philadelphia Police Department policy required an officer to confirm a stolen vehicle's return before removing it from the system and barred outside employment without consent. He nonetheless paid Detective Pelosi $300–$400 per month (in checks sent through the mail that Pelosi then deposited) to violate this policy and remove the vehicles whenever asked, validation notwithstanding. Moreover, the evidence showed that Gates kept secret these payments and acknowledged that what he was doing "don't fly." App. 522. Yet he used his relationship with Pelosi as a selling point to generate additional business. From this a rational juror could conclude that Gates knowingly devised or participated in a scheme and intended to defraud the public of its intangible right to honest government services. *See* Pattern Crim. Jury Instr. 3d Cir. § 6.18.1341 (2015); *cf. United States v. Carbo*, 572 F.3d 112, 118 (3d Cir. 2009) ("If the evidence is sufficient for a reasonable jury to conclude that the [private citizen] defendant participated in a scheme to assist a public official in hiding a conflict of interest, and that the defendant knew that the law forbade the official from engaging in that form of undisclosed conflict of interest, a conviction for honest services mail fraud should be upheld."). The same evidence supports the conspiracy count.[2]

---

[2] An agreement to engage in honest services mail fraud "need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain." *McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016). "A jury could, for example, conclude that an agreement was reached if the evidence shows that the public

4

As for false statements, the Government pointed to substantial evidence that Gates lied about having made the payments to an FBI agent when explicitly asked about them. Three witnesses, including the FBI agent herself, testified as to Gates's false statements to a federal agent. They are material because the payments to Pelosi form the basis of the honest services mail fraud charges.

## III.   Convictions as Against the Weight of the Evidence

Gates further contends that we should reverse his convictions as against the weight of the evidence. Our standard is even higher here. We will only reverse if the conviction would result in a "miscarriage of justice." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). Gates's claim for a new trial is reviewed for plain error because he did not make a motion for a new trial before the District Court under Federal Rule of Criminal Procedure 33. An error that is plain must be obvious and affect the substantial rights of the defendant. *Johnson*, 302 F.3d at 153. Because Gates relies on the same arguments as his sufficiency-of-the-evidence claim, our rationale is the same for denying it here.

## IV.   The District Court's Forfeiture Determination

Finally, Gates argues that the District Court erred in ordering him to forfeit $653,319.10, claiming instead the correct amount is $21,750. He contends that the Court's forfeiture calculation erred because it reflected the "gross figure from all his

official received a thing of value knowing that it was given with the expectation that the official would perform an 'official act' in return." *Id.*

5

towing business," whereas the suggested lower figure represents only his profits from cars recovered for Avis in southwest Philadelphia—Pelosi's division. Appellant's Br. 69.

This argument fails for two reasons. First, the forfeiture amount does not reflect Gates's gross proceeds; rather, the District Court subtracted his direct costs in revising down the forfeiture amount from the Government's initial request of $704,785. While Gates contends that overhead should have been deducted, the applicable statute—18 U.S.C. § 981(a)(2)(B)—specifically states that overhead expenses are not included in direct costs.

Second, in *United States v. Ofchinick*, 883 F.2d 1172, 1183 (3d Cir. 1989), we held that a defendant must forfeit property that "would not have been acquired 'but for'" his criminal activity. Here, the evidence, particularly through the testimony of the Avis security manager, tended to show that, but for Gates's connection to Pelosi, Avis would not have continued its relationship with Gates, which included paying for recovered cars *beyond* southwest Philadelphia. Further, the Government showed that Gates used Pelosi's access to remove cars found outside his division of southwest Philadelphia. Accordingly, the District Court did not err, clearly or otherwise, in determining that the honest services fraud was the but for cause of the Avis revenue.

\* \* \* \* \*

For these reasons, we affirm in full the District Court's judgment.

6